11-2194-ag
Ahmed v. Holder

BIA
Chew, IJ
A093 448 089

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
>         RALPH K. WINTER,
>         ROBERT A. KATZMANN,
>         RICHARD C. WESLEY,
>             Circuit Judges.

_____

EJAZ AHMED, AKA EJAZ AHMAD,
>         *Petitioner*,

>         v.                                    11-2194-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>         *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Russell J.E. Verby, Senior
                       Litigation Counsel; Kristen
                       Giuffreda Chapman, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ejaz Ahmed, a native and citizen of Pakistan, seeks review of a May 20, 2011, decision of the BIA affirming the August 31, 2009, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ejaz Ahmed*, No. A093 448 089 (B.I.A. May 20, 2011), *aff'g* No. A093 448 089 (Immig. Ct. N.Y. City Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Ahmed's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on inconsistencies in the applicant's statements, without regard to whether the inconsistencies go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In this case, substantial evidence supports the agency's adverse credibility determination, based on both inconsistencies between Ahmed's testimony and an affidavit he provided in support of his asylum application as well as material omissions in his asylum application.

In an affidavit included with his asylum application, Ahmed stated that on or about June 16, 2007, "ruffians" from the Muslim Conference in Muzaffarabad attacked his home, damaged his household goods, used "nasty" language, and "severally [sic] beat [him] and injured [him]." However, Ahmed testified that he was not home during the time of the attack, and that his servant was injured and not himself personally. As noted by the BIA, Ahmed testified that he told the police he himself had been injured because he was afraid they would not otherwise take the report. However, Ahmed's explanation of why he conflated his servant's experience with his own to the police did not explain why he

3

repeated that he had been beaten in a sworn statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)(the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

In addition, Ahmed failed to disclose in his asylum application that he departed for the United States and returned to Pakistan after an alleged incident of past persecution. The agency properly relied upon these inconsistencies and omissions in finding Ahmed not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 ("[a]n inconsistency and an omission are . . . functionally equivalent").

Therefore, in this case, the totality of the circumstances supports the agency's adverse credibility determination, and we will defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Ahmed's life or freedom was his testimony, the well-founded adverse credibility determination precludes success on the claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong*

4

*Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005)

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk